IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK J. COUTURE** | § § § | |
| *Plaintiff,* | § § | Case No. 3:21-cv-705 |
| v. | § § | **JURY DEMANDED** |
| **ENVOY AIR INC., D/B/A ENVOY AIRLINES,** | § § § § | |
| *Defendant.* | § § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Patrick J. Couture ("Couture" or "Plaintiff") brings this complaint, filing his federal claim for age discrimination and gender discrimination under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §623 *et seq.,* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq* (hereinafter the "TCHRA").

## PARTIES, JURISDICTION, AND VENUE

1. Couture is an over-40 male United States citizen who resides in Frisco, Texas. He was living in the same location at the time of the events giving rise to this litigation.

2. Defendant Envoy Air Inc. d/b/a Envoy Airlines ("Envoy" or "Defendant") is a commercial airline with over 18,000 employees and locations throughout Texas and the United States. Envoy's principal offices are at 4301 Regent Blvd, Irving, Texas 75063-2253 in Dallas County. Envoy is a wholly owned subsidiary of American Airlines. Envoy can be served via its registered agent of service CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3.      This Court has jurisdiction to hear the merits of Couture's federal age and gender discrimination claims under 28 U.S.C. §§ 1331 and 1332.  Federal diversity jurisdiction exists, and this Court has jurisdiction to hear the merits of Plaintiff's claim under 28 U.S.C. §1332.  The amount in controversy exceeds $100,000 exclusive of interest and costs.  This court also has pendant jurisdiction over Couture's state law claims.

4.      A substantial portion of the acts and omissions underlying Couture's claims – including his unlawful termination and demotion – occurred in the Northern District of Texas.  Venue is proper in the district and division under 28 U.S.C. §1391(b) in that the defendants or their agents, or certain of them, reside or may be found here, a substantial part of the events giving rise to Plaintiff's claims occurred here, and defendants transact business here.

## FACTUAL BACKGROUND

5.      Patrick Couture was a 30-year employee of Envoy having started working in June 1989 with Envoy's predecessor, American Eagle, both of which are subsidiaries of American Airlines.

6.      At the time of Envoy terminated and demoted him, he was a Pilot, Captain, and Line Check Airman and was in training as a full-time instructor for the Envoy Training Department.

7.      On December 4, 2019, Envoy demoted Couture and removed him from the training department.  On the same day, Envoy also took away his check airman certification.  Envoy's actions on December 4, 2019 effectively terminated Couture because at the time, he was close to 65 years old and without a position within the training department he would quickly hit the mandatory retirement age of 65 (for commercial airline pilots) and he could no longer be employed with Envoy after he turned 65.  If Envoy had not demoted him on December 4, 2019, he would have remained employed as a check airman and full-time instructor for the Envoy Training Department past age 65.

8. Prior to his demotion and removal from the training department in December of 2019, Couture had worked in the training department for approximately 25 years and he had been a pilot for Envoy for over 30 years.

9. Prior to his demotion and removal from the training department, Couture had been a Line Check Airman on three different aircrafts, Saab 340 (SF340), Embraer 145 (EMB145), and Embraer 175 (ERJ175).

10. At the time Envoy terminated Couture, all instructor pilots reported to the Managing Director of Air Ops Training, Captain Allen Hill.

11. The FAA mandates age 65 as the retirement age for an airline pilot.

12. Given Couture's vast prior experience in the training department, he applied for and was accepted to become a training center instructor pilot in 2019. He began the transition training on November 1, 2019.

13. On November 12, 2019 during an approximately 10-minute training event break, Couture had a brief conversation with a female pilot in training about pilot organizations that help advance pilots' careers.

14. During this short conversation, Couture did not use profanity or any sort of inappropriate language.

15. During this short conversation, Couture did not discuss any improper or unprofessional subject.

16. During this short conversation, Couture did not violate any workplace rule or policy of Envoy.

17. During this short conversation, Couture did nothing wrong.

18. Despite having done nothing wrong, this brief conversation allegedly made the female pilot uncomfortable.

19. During and after the brief conversation, the female pilot never told Couture that anything he had said or done had allegedly made her uncomfortable.

20. When Envoy first notified Couture of the alleged complaint by the female pilot, he was informed by Captain Hill that Couture had used inappropriate language with a female pilot.

21. But that was not true. Couture did not use any inappropriate language with the female pilot.

22. Later, Envoy shifted its story and Envoy no longer claimed that Couture had allegedly used inappropriate language with the female pilot. Instead, Couture was subsequently informed by Envoy management that his brief conversation with the female pilot had allegedly made her "uncomfortable" and that she had filed a complaint.

23. After that, Envoy's story shifted again. Envoy human resources later informed Couture's union that Couture was being disciplined because of the female pilot's "perception" of the conversation. It was how the female pilot received the message, not what was actually said or how it was meant that allegedly mattered. Based upon this alleged "perception," human resources decided to demote and effectively fire Couture based upon a conversation wherein he did absolutely nothing wrong.

24. At a December 4, 2019 discipline meeting, Envoy's Manger, Envoy Flight Operations Delivery, Brad Wickman, informed Couture that human resources had told him that Couture would not be getting a discipline letter (Step 1, Step 2, or a CDD-Career Decision Day) in his personnel file and that in a couple of weeks he may get an email instructing him (Couture) to watch a training video. The content of the video was still undecided at that point.

25.     Also, during this December 4, 2019 meeting, Couture received no coaching or counseling from human resources on how to correct his future conversations so other pilots would not get the same "perception" for which he was being disciplined.

26.     Also at the December 4, 2019 meeting, Couture was demoted by Brad Wickman who revoked Couture's check airman letter.  The removal of Couture's check airman letter was a demotion which disqualified Couture from being a check airman and which resulted significant financial harm.  This demotion also further prevented Couture from working in the training department.  This demotion also further prevented Couture from being an Airline Pilot Designee ("APD") within the training department which is one of the highest paid positions within the training department.

27.     Envoy's discriminatory actions on December 4, 2019 effectively ruined Couture's 30-plus-year career because the demotion and removal from the training department meant that Couture would be terminated from employment upon reaching his 65th birthday.  Envoy valued the "perception" of a younger female pilot over Couture's career and Envoy held Couture to an impossible double standard wherein he was being demoted and terminated despite having done nothing wrong.

28.     In the thirty-plus years prior, there had never been a workplace complaint made against Couture by anyone.

29.     In the thirty-plus years prior, Couture had previously flown and instructed women and minorities his entire career, with no complaints.

30.     Prior to the adverse actions of Envoy on December 4, 2019, Couture planned to work in the training center for at least the next 10 years.  But because of Envoy, he was terminated at the

age of 65 because he was not allowed to work in the training center and he could not be an airline pilot past age 65.

31. Upon information and belief, Couture has been replaced by younger employees and he has been treated differently than younger female employees.

32. Couture timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 13, 2020 and his charge was co-filed with the Texas Workforce Commission Civil Rights Division ("TWC").

33. The EEOC issued a Notice of Right to Sue letter to Couture which was received on January 10, 2021. This complaint is being timely filed within 90 days of Couture's receipt of the EEOC notice of right to sue.

34. Couture has requested a Notice of Right to Sue from the TWC.

35. Couture has exhausted his administrative prerequisites to filing this suit and this suit is timely filed.

## CAUSES OF ACTION

### COUNT ONE - AGE DISCRIMINATION
### IN VIOLATION OF THE ADEA AND CHAPTER 21 OF TEXAS LABOR CODE

36. Couture incorporates by reference the above paragraphs.

37. Couture has satisfied all jurisdictional prerequisites in connection with his claims under the ADEA and Texas Labor Code Chapter 21.

38. Envoy's actions, including but not limited to the demotion and ultimate termination of Couture by removing him from the training department, were undertaken because of Couture's age.

39. Envoy's discriminatory adverse employment actions toward Couture constitute an intentional and continuing violation of the ADEA and Texas Labor Code.

40. Envoy's discriminatory actions were willful, thereby entitling Couture to liquidated damages under 29 U.S.C. § 626 (b).

41. Envoy's discriminatory adverse employment actions toward Couture were done with malice or with reckless indifference to Couture's protected rights under the ADEA and the Texas Labor Code, thereby entitling Couture to compensatory and punitive damages under the Texas Labor Code.

42. Envoy's discriminatory adverse employment actions toward Couture have caused Couture to suffer ongoing damages including but not limited to lost compensation, both past and future, and the value of fringe benefits, both past and future.

43. Envoy's discriminatory actions have caused Couture to suffer ongoing pecuniary losses, emotional pay, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both past and future.

44. Envoy's discriminatory actions have caused Couture to retain the services of the undersigned counsel to pursue his federal and Texas rights in this action. Plaintiff seeks his reasonable attorneys' fees, expert fees, and costs in this matter.

## COUNT TWO – GENDER DISCRIMINATION UNDER TITLE VII AND CHAPTER 21 OF TEXAS LABOR CODE

45. Couture incorporates by reference the above paragraphs.

46. Couture has satisfied all jurisdictional prerequisites in connection with his claims under Title VII and Texas Labor Code Chapter 21.

47. Envoy's actions, including but not limited to the demotion and ultimate termination of Couture by removing him from the training department, were undertaken because of Couture's gender.

48. Envoy's discriminatory adverse employment actions toward Couture constitute an

intentional and continuing violation of Title VII and Texas Labor Code.

49. Envoy's discriminatory adverse employment actions toward Couture were done with malice or with reckless indifference to Couture's protected rights under Title VII and the Texas Labor Code, thereby entitling Couture to compensatory and punitive damages under Title VII and the Texas Labor Code.

50. Envoy's discriminatory adverse employment actions toward Couture have caused Couture to suffer ongoing damages including but not limited to lost compensation, both past and future, and the value of fringe benefits, both past and future.

51. Envoy's discriminatory actions have caused Couture to suffer ongoing pecuniary losses, emotional pay, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both past and future.

52. Envoy's discriminatory actions have caused Couture to retain the services of the undersigned counsel to pursue his federal and Texas rights in this action.  Plaintiff seeks his reasonable attorneys' fees, expert fees, and costs in this matter.

## JURY DEMAND

53. Couture requests a jury trial on all issues, claims, actions, and defenses in this case upon which a jury is allowed.

## PRAYER FOR RELIEF

WHEREFORE, Couture prays that ENVOY be summoned to appear and answer, and that on final trial, judgment be granted against ENVOY awarding Couture the following:

    a.    Judgment against Envoy for Couture's lost compensation and benefits, both back pay and front pay;

    b.    In the alternative to front pay, judgment against Envoy reinstating Couture to his position of employment, equivalent position of employment, or the position of

      employment he would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

c.     Liquidated damages in the maximum allowed under the law;

d.     Compensatory damages in the maximum allowed under the law;

e.     Punitive damages in the maximum allowed under the law;

f.     Pre-judgment interest at the appropriate legal rate on all amounts awarded;

g.     Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

h.     Judgment against Envoy for Couture's reasonable attorneys' and experts' fees;

i.     Appropriate declaratory and injunctive relief, including but not limited to sweeping and comprehensive relief to eradicate Envoy's practices of age and gender discrimination;

j.     Costs of suit, including but not limited to expert witness fees, and;

k.     Such other and further relief to which Couture may justly be entitled and to make Couture whole.

DATED: <u>March 25, 2021</u>

Respectfully submitted,

**Gillespie Sanford, LLP**
4803 Gaston Ave.
Dallas, Texas 75246
Tel.:   (214) 800-5111
Fax:   (214) 838-0001

By   <u>/s/ Joseph H. Gillespie</u>
      Joseph H. Gillespie (lead attorney)
      Texas Bar No. 24036636
      joe@gillespiesanford.com

**ATTORNEYS FOR PLAINTIFF**