UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK J. COUTURE,           §<br>                              §<br>    *Plaintiff*,                §<br>                              §<br>v.                            §<br>                              §   Civil Action No. 3:21-CV-0705-X<br>ENVOY AIR INC., D/B/A ENVOY   §<br>AIRLINES,                     §<br>                              §<br>    *Defendant*.               § | |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Envoy Air Inc.'s ("Envoy") motion for summary judgment on Plaintiff Patrick Couture's complaint. [Doc. 41]. After carefully considering the parties' briefing, the Court finds that Couture has met his burden under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*[1] by making a prima facia case for his claims of age and sex discrimination and having some evidence of pretext. Accordingly, summary judgment is improper and this case must go to trial.[2] Accordingly, the Court **DENIES** the motion for summary judgment.

Also before the Court are Couture's objections to Magistrate Judge Rebecca Rutherford's order denying Couture's motion to compel discovery.[3] Judge Rutherford concluded that Envoy's in-house counsel, Christopher Pappaioanou, provided

---

[1] 411 U.S. 792 (1973).

[2] *See* FED. R. CIV. PROC. 56(a) (noting that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

[3] Doc. 33.

1

confidential legal advice to Envoy and accordingly denied Couture's request to depose Pappaioanou and compel production of privileged attorney-client communications.

A district court must "modify or set aside" a magistrate judge's ruling on a non-dispositive motion when it is "clearly erroneous or is contrary to law."[4]  "The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision," but if a party argues that the decision is "contrary to law," a de novo standard of review applies.[5]

Couture argues that Judge Rutherford improperly made factual findings and determined issues of privilege, but the Court disagrees.  Adjudicating Couture's motion obligated Judge Rutherford to determine the purpose of Pappaioanou's communications with Envoy decisionmakers and whether those communications were privileged, so ruling based on the relevant evidence was entirely proper in this context.[6]  Judge Rutherford's order was neither clearly erroneous nor contrary to law, so the Court **OVERRULES** Couture's objection to the order denying his motion to compel.

---

[4] FED. R. CIV. P. 72(a); *see Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

[5] *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.) (cleaned up).

[6] *See Stoffels v. SBC Commc'ns., Inc.*, 263 F.R.D. 606, 411 (W.D. Tex. 2009) ("[I]n [a corporate] setting, the attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions.  The critical inquiry is, therefore, whether any particular communication facilitated the rendition of predominantly legal advice or services to the client.").

**IT IS SO ORDERED** this 31st day of August, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE